IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERANCE SCOTT EDGINGTON,

    Petitioner,

v.                                  CASE NO. 5:15-cv-236-MP-GRJ

N. C. ENGLISH, WARDEN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 12, Respondent's Motion to Dismiss and/or Response to Petition for Writ of Habeas Corpus. Respondent filed the motion on April 11, 2016. Petitioner, however, has not filed a response and the time for doing so has passed.[1] The motion is therefore ripe for review. Upon due consideration, the undersigned recommends that the Petition be dismissed.

### I. Background

The Petition stems from Petitioner's 2007 federal conviction via a

---

[1] The Court issued an order to show cause as to why the Petition should not be dismissed on July 27, 2017. (ECF No. 13.) Petitioner was directed to show cause by August 24, 2016. (*Id.*) As of the date of this report and recommendation, however, Petitioner has not done so.

guilty plea for production of child pornography in violation of 18 U.S.C. § 2251(a). (ECF No. 1); *United States v. Edgington*, No. 4:16-cr-129-RP-RAW, ECF No. 36 (S.D. Iowa May 11, 2007). The court sentenced Petitioner to 360 months' imprisonment followed by lifetime supervised release. *Edgington*, No. 4:16-cr-129-RP-RAW, ECF No. 36. Petitioner's sentence was enhanced, at least in part, by state convictions for four counts of burglary in the second degree and one count of theft in the second degree. (ECF No. 1 at 3; ECF No. 2 at 3.) Petitioner did not file a direct appeal, nor has he filed a motion pursuant to 28 U.S.C. § 2255.

Petitioner, presently confined at FCI Marianna, filed the instant Petition on August 27, 2015 pursuant to the mailbox rule. (ECF No. 1.)

## II. Discussion

Petitioner raises two claims in his Petition. First, Petitioner argues there was a fundamental miscarriage of justice because his sentence was erroneously increased based on illegal state convictions under *Arizona v. Gant*, 556 U.S. 332 (2009).  Second, Petitioner argues he had ineffective assistance of counsel because his attorney failed to raise an ex post facto sentencing argument where the 2006 sentencing guidelines were applied

rather than the 2003 guidelines. Petitioner further asserts that he is permitted to bring his claim under § 2241 rather than § 2255 for two reasons. ECF No. 2 at 22. First, he says that his first claim involves an illegal state sentence which was used to increase the length of his federal sentence. (*Id.*) Second, Petitioner argues that at the time the Supreme Court decided *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), Petitioner was in the process of appealing the decision of the Iowa Supreme Court in his state case that was used to enhance his federal sentence. (*Id.*)

Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Congress established § 2255 as the primary means of collateral attack on a federal sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990); *cf. Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (challenges to the *execution* of sentence, rather than the validity of the sentence itself, are properly brought under § 2241). Petitioner, however, failed to apply for relief under § 2255. Moreover, because Petitioner was sentenced on May 11, 2007, any § 2255 motion would now be time-barred pursuant to § 2255(f).[2]

---

[2] Although the one-year period of limitations runs from the latest of the applicable provisions under § 2255(f), neither § 2255(f)(2), (3), or (4) appear to apply in this case.

Nonetheless, on rare occasions, a federal prisoner may attack his conviction and sentence through § 2241 via the "savings clause" of § 2255. The savings clause permits an applicant who failed to apply for relief under § 2255, to seek relief under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." § 2255(e). This provides a very different, and much more limited, avenue of relief than a § 2255 motion to vacate or correct an illegal sentence.

> When Congress enacted section 2255, it created a mechanism for a prisoner to challenge his 'sentence' in the court that sentenced him, but Congress left open the opportunity for a prisoner to file a petition for a writ of habeas corpus in the district of his confinement "to test the legality of his detention."

*Samak v. Warden, FCC Coleman-Medium,* 766 F.3d 1271, 1279 (11th Cir. 2014) (Pryor, J., concurring); *compare* § 2255(a) (vacating, setting aside, or correcting the *sentence*), *with* § 2255(e) (testing the legality of the *detention*). A prisoner may proceed under § 2241 "only when he raises claims outside the scope of § 2255(a), that is, claims concerning the *execution* of his sentence." *Antonelli*, 542 F.3d at 1352 n.1 (emphasis added). Challenges to the execution of a federal sentence include federal

parole commission decisions, *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985), military court martials, *Betonie v. Sizemore*, 496 F.2d 1001, 1005 (5th Cir. 1974), federal Bureau of Prison regulations excluding a class of prisoners from early release, *Lopez v. Davis*, 531 U.S. 230 (2001), and certain limited immigration proceedings. Whether the savings clause applies is a jurisdictional issue that the court must determine before reviewing the merits of the § 2241 petition. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337–40 (11th Cir. 2013).

The Eleventh Circuit has held that in order to proceed under the savings clause of § 2255(e), a § 2241 petitioner must satisfy the following five specific requirements: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, Circuit precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim.

*Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1257 (11th Cir. 2013). All five of these factors must be met before the savings clause in § 2255(e) permits the Court to consider the merits of a § 2241 petition. Notably, "[t]he petitioner bears the burden of demonstrating that the § 2255 remedy was 'inadequate or ineffective to test the legality of his detention' for purposes of § 2255(e)." *Id.* at 1262 (quoting *Turner v. Warden*, 709 F.3d 1328, 1333 (11th Cir. 2013)).

The savings clause does not apply to sentencing claims that could have been raised in earlier proceedings. *Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011). In other words, sentencing claims that do not rely upon a "circuit law-busting, retroactively applicable Supreme Court decision," do not equate to actual innocence claims permitted under the savings clause. *Id.* Nor does a procedural bar, such as a statute of limitations, render a § 2255 motion inadequate to permit a prisoner to proceed via the savings clause. *Zelaya v. Sec'y, Fla. Dep't of Corrections*, 798 F.3d 1360, 1370 (11th Cir. 2015) (citing *Bryant*, 738 F.3d at 1272).

None of the *Bryant* factors apply to Petitioner's case. First, Petitioner's claim that his state convictions were constitutionally illegal pursuant to *Gant*, does not rely on a circuit law-busting, retroactively

applicable Supreme Court decision. Petitioner's state court burglary conviction was affirmed in 1992. *Iowa v. Edgington*, 487 N.W. 2d 675 (Iowa 1992). *Gant* was not decided, however, until 2009. 556 U.S. at 332. "The Supreme Court did not hold [in *Gant*] that the newly declared constitutional law regarding reasonable searches applied retroactively to any cases, let alone to cases on collateral review." *United States v. Fields*, Nos. 3:05cr37/RV, 3:10cv116/RV/EMT, 2011 WL 6181343, at *1 (N.D. Fla. Nov. 23, 2011) (citing *Gant*, 556 U.S. at 332). And as Respondent points out, "[n]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 305 (1989). *Gant*, therefore, does not permit Petitioner to proceed with his first claim via the savings clause.

   Second, Petitioner's claim that counsel was ineffective for failing to argue that he was sentenced under the provisions of the 2006 sentencing guidelines instead of the 2003 guidelines, also does not rely on a circuit law-busting, retroactively applicable Supreme Court decision and should have been raised in earlier proceedings. In addition, the fact that Petitioner is now time-barred from filing a § 2255 motion challenging this issue does

not render a § 2255 motion inadequate to proceed with his second claim via the savings clause.

Although Petitioner relies on *McQuiggin* to pursue relief via § 2241, he fails to suggest how *McQuiggin* applies to his case. Nonetheless, Petitioner's reliance on *McQuiggin* is misplaced. *McQuiggin* held that a plea of actual innocence can overcome the habeas one year statute of limitations for a *state* prisoner's initial petition for writ of habeas corpus. 133 S. Ct. at 1928; *see also Young v. FCC Coleman-Medium Warden*, 587 F. App'x 542, 547 (11th Cir. 2014) (noting that even assuming *McQuiggin* applies to federal prisoners, petitioner's "purported actual-innocence claim is actually a sentencing error claim . . . as opposed to the factual-innocence claim at issue in *McQuiggin*"). Petitioner's argument is flawed, however, because he asserts that he is actually innocent of his enhanced sentence—not his federal conviction. In addition, Petitioner is a federal prisoner in custody pursuant to a federal conviction. Before the Court can even consider a *federal* prisoner's actual innocence claim, the savings clause of § 2255 must first "open the portal to a § 2241 proceeding." *Griffin v. Wiley*, 141 F. App'x 843, 844 (11th Cir. 2005). But, "actual innocence alone does not determine the adequacy or effectiveness of § 2255

remedy." *Id.* "What makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity'" to raise his claim in the context of a § 2255 motion. *Bryant*, 738 F.3d at 1272. Thus, even if Petitioner asserted an actual innocence claim, which he does not, he must first demonstrate that he had no genuine opportunity to raise his claim in the context of a § 2255 motion to open the savings clause portal. This is not the case here.[3]

Petitioner has failed to demonstrate that the savings clause opens the portal for the Court to consider the merits of his Petition. His Petition should, therefore, be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Respondent's Motion to Dismiss, ECF No. 12, should be **GRANTED**; and

2. The Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, should be **DISMISSED.**

**IN CHAMBERS** this 31st day of October, 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[3] To the extent Petitioner asserts that his state convictions used to enhance his federal sentence were illegal pursuant to *Gant* and that he could not raise the issue in a § 2255 motion because *Gant* was not yet decided, as the Court explained, *Gant* does not apply retroactively.

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.